**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:25-CV-00174-JHM**

**TIMMATHY MOORE**                                                    **PLAINTIFF**

**v.**

**HOMES,** *et al.*                                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the

Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons stated

below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Timmathy Moore, a convicted prisoner, initiated this action asserting claims

against Defendants Kentucky State Penitentiary ("KSP") Sergeant Homes, Sergeant Butlin,

Grievance Coordinator McCalstr, Lieutenant Vone, Lieutenant Luwrow, and Warden Plaprd in

their individual and official capacities.  [DN 1].

Plaintiff alleges that on September 15, 2025, Defendants Homes and Butlin "slammed him"

causing an injury that required five stitches and Defendant Homes sprayed him with a chemical

spray.  Plaintiff also contends that Defendants Homes and Butlin also threatened him.

Moreover, Plaintiff complains that Defendant McCalstr did not submit the grievances that

he filed against Defendant Homes, Butlin, Luwrow, and Plaprd.  Plaintiff alleges that Defendant

McCalstr (1) misused state property for personal use, (2) performed favors for friends and family

violating the Eighth and Fourteenth Amendment due process clause, and (3) violated Plaintiff's

First Amendment freedom of speech by not submitting his grievances.

Plaintiff asserts that Defendant Vone subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Specifically, Plaintiff claims that Defendant Vone came to visit him in his cell block, said he was not investigating anything for Plaintiff, put Plaintiff's life in danger, threatened him, placed him in a drug cell when he knew Plaintiff had nothing on him, permitted Plaintiff to spend four days without a mat, caused Plaintiff to have to use the bathroom in a five-gallon bucket with a taser pointed at him, deprived him of a full eight hours of sleep each night, told Plaintiff that his assault was justified, and made sure he did not receive medical care.

Additionally, Plaintiff claims that Defendant Plaprd placed his life in danger by not permitting him to grieve his assault by Defendants Homes and Butlin, by failing to do anything to stop the assault from happening, by failing to investigate the incident after being notified of it by a letter from Plaintiff, and by permitting "other stuff" to happen since Plaintiff has been at KSP. The "other stuff" Plaintiff alleges include swapping evidence out, reading outgoing legal mail without him present, changing his signature on legal mail logs, interfering with his court cases, and preventing him from getting medical help.

As relief, Plaintiff seeks damages, release from prison, restitution, and a scope run on his right lung.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

*See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff sues Defendants in their official capacities. The warden and correctional officers are state employees or officials. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S.58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Graham*, 473 U.S. at 169 ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). For these reasons, the Court will dismiss Plaintiff's official-capacity claims for damages for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

Similarly, Plaintiff's official-capacity claims for injunctive relief against Defendants are likewise dismissed. Plaintiff seeks release from prison and release from his restitution order. These requests will be dismissed since these are not available remedies under § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release,

even though such a claim may come with the literal terms of § 1983."). Plaintiff also seeks an injunction requiring a lung scan to be ordered by these Defendants. For the reasons set forth below, Plaintiff has failed to state a claim for deliberate indifference to medical care, and, as such, this relief is denied as well.

Thus, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendants Homes and Butlin

Plaintiff alleges that Defendants Homes and Butlin used excessive force against him, slamming him down causing an injury that required five stitches. Plaintiff also alleges that Defendant Homes used excessive force against him by spraying him with a chemical spray. Upon consideration, the Court will allow an Eighth Amendment excessive-force claims to proceed against Defendants Homes and Butlin in their individual capacity for damages.[1]

However, Defendants Homes and Butlin's alleged verbal threats to Plaintiff, even accompanied by brandishing OC spray or a taser, do not rise to the level of a constitutional violation. *See e.g.*, *Witten v. Schafer*, No. 5:23CV-P34-JHM, 2023 WL 5193772, at *1–2 (W.D. Ky. Aug. 11, 2023) (dismissing for failure to state a claim a prisoner's claim that guard "approached [plaintiff's] cell, opened the tray slot, pointed a can of [OC] vapor spray . . . and threatened to spray the plaintiff if he, at that instant, did not scrape a piece of paper off the wall of his cell; Plaintiff complied immediately"); *Thornton v. Sevier Cnty. Jail*, No. 3:23-CV-191-CLC-JEM, 2023 WL 4707133, at *7 (E.D. Tenn. July 24, 2023) ("Plaintiff's claim that Defendant Sutton threatened to use a TASER on her fails to state a claim upon which relief may be granted under

---

[1] Plaintiff's claims for injunctive relief against Defendants in their individual capacities must be dismissed for the reasons stated above.

§ 1983 because verbal harassment or threats made by prison officials toward an inmate do not rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.") (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Thus, Plaintiff's claims based upon Defendants Homes and Butlin's alleged threats will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant McCalstr

Plaintiff alleges that Defendant McCalstr violated his rights by failing to properly file, submit, and consider Plaintiff's grievances. Plaintiff has not stated a claim related to his grievances because prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right to an effective prison grievance procedure") (citing cases); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (same). Thus, Plaintiff's grievance claim against Defendant McCalstr will be dismissed for failure to state a claim.

In as much as Plaintiff alleges that Defendant McCalstr misused state property for personal use and performed favors for friends and family in violation of the Eighth and Fourteenth Amendment due process clause, the Court will dismiss these claims as well. The Court has reviewed the complaint and finds that Plaintiff's allegations are too broad and conclusory to support a claim. *See Iqbal*, 556 U.S. at 678 (pleading not sufficient if it offers "'labels and conclusions' or if it tenders 'naked assertion[s]' devoid of further factual enhancement'") (quoting

*Twombly*, 550 U.S. at 555, 557).  The Court will dismiss these claims for failure to state a claim upon which relief may be granted.

### 3.  Defendant Vone

With respect to Plaintiff's claim regarding statements and verbal threats allegedly made by Defendant Vone, this claim will be dismissed for failure to state a claim upon which relief may be granted.  As discussed above, "verbal harassment or threats made by prison officials toward an inmate do not rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Thornton*, 2023 WL 4707133, at *7.

With respect to Plaintiff's claim that Defendant Vone placed him in a drug cell causing him to spend four days without a mat, to not receive a full eight-hours of sleep, and to use the bathroom in a bucket, the Court will dismiss these claims for failure to state a claim upon which relief may be granted as well.  Considering the facts alleged in his complaint, Plaintiff's confinement in segregation and the conditions of his confinement while in segregation do not violate the Eighth Amendment. *Zein v. Canup*, No. 5:24-CV-P196-JHM, 2025 WL 565844, at *3 (W.D. Ky. Feb. 20, 2025); *Watison v. Perry*, No. 23-5059, 2024 WL 3461194 at *2 (6th Cir. Feb. 15, 2024) (nine days in segregation in a cold cell with no bedding or change of clothing not so severe as to violate the Eighth Amendment); *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment").

With respect to Plaintiff's claims that Defendant Vone put Plaintiff's life in danger and "made sure he did not receive medical care," the Court finds that these allegations are vague, conclusory, and unsupported by material facts. *See Iqbal*, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true.") (citing *Twombly*, 550 U.S. at 554–55).  Here,

Plaintiff fails to provide material facts in support of his claims for failure to protect and deliberate indifference to medical care.  As such, these claims will be dismissed for failure to state a claim upon which relief may be granted.

### 4. Defendant Luwrow

Plaintiff's claims against Defendant Luwrow will be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff fails to assert any allegations or mention Defendant Luwrow in the claims section of his complaint.

### 5. Defendant Plaprd

Plaintiff complains that Defendant Plaprd failed to respond to his grievances, letters, or complaints of excessive force.  Plaintiff has not stated a claim based on his grievances because, as discussed above, prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker*, 128 F. App'x at 445.

With regard to his other claims against Defendant Plaprd, Plaintiff's claims are based on allegations that Defendant Plaprd is responsible for the actions of the other Defendants and staff at KSP.  These claims will be dismissed as well.  Defendant Plaprd is not liable for the behavior of other Defendants or other KSP staff because she is their supervisor.  *See Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy*, 729 F.2d at 421 (citation omitted).  "[S]imple awareness of employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citation omitted).  Additionally, the alleged failure of Defendant Plaprd "to take any remedial or disciplinary action against prison personnel for the alleged

violation of [Plaintiff's] constitutional rights did not ratify prison personnel's alleged violations of [P]laintiff's constitutional rights, so as to permit [this Defendant] to be held liable under [§ 1983]." S*pirdione v. Washington*, No. 2:22-CV-11018, 2022 WL 1557373, at *2 (E.D. Mich. May 17, 2022) (citing *Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990)).

Thus, because Plaintiff's claims against Defendant Plaprd are not based on any active unconstitutional conduct, but rather a failure to act based upon Plaintiff's grievances and reports of the alleged misconduct, the Court concludes that Plaintiff's claims against Defendant Plaprd must also be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

1.      Plaintiff's Eighth Amendment excessive-force claims are allowed to proceed against Defendant Homes and Butlin in their individual capacities.  In allowing these claims to proceed, the Court passes no judgment upon their merits or upon the ultimate outcome of this action.

2.      Plaintiff's official-capacity claims against Defendants and individual-capacity claims against Defendants McCalstr, Vone, Luwrow, and Plaprd are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted and for seeking damages from Defendants immune from such relief.

3.      Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants McCalstr, Vone, Luwrow, and Plaprd as parties to this action.**

9

4.       The Court will enter a separate Service and Scheduling Order to govern the continuing claims.

Date: June 26, 2026

*Joseph H. McKinley Jr.*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:       Plaintiff, *pro se*
          General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014

10